# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| VS. | ) Civil Action No. SA-07-CV-503-XR<br>)<br>) |
| DRIFTWOOD DEVELOPMENT, LP, *et al.*, | )<br>)<br>) |
| Defendants. | |

## ORDER

On this date the Court considered Plaintiff's motion for summary judgment (Docket No. 15). Plaintiff in this action seeks to recover under an indemnity agreement losses Plaintiff sustained in connection with a subdivision bond Plaintiff issued on behalf of one of the Defendants. After careful consideration of the motion, the response and reply thereto, and the evidence submitted by the parties, the Court finds that no genuine issue of material fact exists with respect to Plaintiff's sole claim for breach of contract. The Court therefore GRANTS Plaintiff's motion. All current deadlines and settings are VACATED. The parties shall appear for an evidentiary hearing regarding the amount of damages on **Tuesday, November 25, 2008 at 9:30 a.m.**

### I. Factual Background and Procedural History

The undisputed summary judgment evidence establishes the following facts. Driftwood Development, LP ("Driftwood"), one of the Defendants in this matter, was the owner/developer of the La Ventana Driftwood Preserver Phase II residential subdivision, located in Hays County, Texas (the "Property"). Hays County required Driftwood to obtain a subdivision bond to guarantee Driftwood's

-1-

completion of street and drainage improvements on the Property (the "Project").[1] On or about November 9, 2005, Developers Surety and Indemnity Company ("Developers"), the Plaintiff in this lawsuit, issued a subdivision bond as principal on behalf of Driftwood, the surety, and in favor of Hays County, the obligee. Among other things, the bond guaranteed the completion of the Project. The amount of the bond was $689,078.35.[2]

As a condition of Developers' issuance of the bond, Developers required that Defendants execute an indemnity agreement in favor of Developers. Defendants agreed therein to:

> indemnify and hold harmless [Developers] from and against any and all liability, loss, claims, demands, costs, damages, attorneys' fees and expenses of whatever kind or nature, together with interest thereon at the maximum rate allowed by law, which [Developers] may sustain or incur by reason of or in consequence of the execution and delivery by [Developers] of any Bond on behalf of [Driftwood] . . . including, without limitation, the following:
>
> 1.2   Liability incurred or amounts paid in satisfaction or settlement of any or all claims, demands, damages, costs, losses, suits, proceedings or judgment relating to [Driftwood's] nonperformance of an Obligation or any other matter covered by a Bond.
>
> 1.3   Liability incurred or expenses paid in connection with claims, suits or judgment relating to an Obligation or a Bond, including, without limitation, attorneys' fees and all legal expenses, and all fees and costs for investigation, accounting, or engineering services related to the adjustment of claims or losses.
>
> 1.4   Liability incurred or expenses paid in procuring or attempting to procure a release of liability under or exoneration of a Bond.
>
> 1.5   Liability incurred or expenses paid in recovering or attempting to recover losses or expenses paid or incurred in connection with this Agreement, an Obligation or a Bond.[3]

---

[1] App. to Pls.' Mtn. for Summ. J. (Docket No. 17), Ex. 1 ¶ 3.

[2] *Id.* Ex. 1 ¶ 4 & Ex. A.

[3] *Id.* Ex. 1 ¶ 5 & Ex. B.

In early 2007, Hays County declared Driftwood in default and submitted a claim on the bond.[4] On February 12, 2007, Developers formally notified Defendants of the bond claim and requested that Defendants indemnify and hold Developers harmless from loss or exposure to loss because of the claim made on the bond.[5] Defendants have failed to indemnify Developers.[6]

The Indemnity Agreement grants Developers "sole and absolute discretion to determine whether any claims under [the] Bond shall be paid, compromised, defended, prosecuted or appealed."[7] Accordingly, Developers investigated and settled the claim by paying the penal sum of the bond, $689,078.35.[8] Developers has since recovered salvage proceeds in the amount of $54,908.95.[9]

On June 13, 2007, Developers filed this lawsuit, asserting that Defendants breached the indemnity agreement by failing to indemnify Developers. Developers seeks recovery of $634,169.40—the amount it paid on the bond claim less salvage proceeds it recovered. Driftwood also seeks recovery of attorneys' fees, costs, prejudgment interest, and postjudgment interest.[10]

## II. Standard of Review

---

[4]*Id.* Ex. 1 ¶ 6 & Ex. C.

[5]*Id.* Ex. 1 ¶ 6 & Ex. D.

[6]*Id.* Ex. 1 ¶ 6. Further supporting Plaintiff's unrebutted summary judgment evidence, Defendants admit in the Answer the facts set forth to this point in this Order. *See* Defs.' Answer (Docket No. 5) at 1. Defendants' admissions in their Answer are legally determinative admissions of fact and serve as proper summary judgment evidence to demonstrate that there is no genuine issue of fact. FED. R. CIV. P. 56; *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 411-12 & n.18 (5th Cir. 2002).

[7]Docket No. 17, Ex. B.

[8]*Id.* Ex. 1 ¶ 7 & Ex. E.

[9]*Id.* Ex. 1 ¶ 7.

[10]Pl.'s Original Compl. (Docket No. 1) at 5-6 (Prayer for Relief).

A summary judgment movant must show by affidavit or other evidence that there is no genuine issue regarding any material fact.[11] To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the nonmoving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense.[12] Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.[13]

In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant.[14] In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses" and disregarding the evidence favorable to the nonmovant that the jury is not required to believe.[15]

### III. Analysis

Developers seeks recovery from Defendants for their alleged breach of the indemnity

---

[11]*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[12]*Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993).

[13]*See Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

[14]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986).

[15]*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 152 (2000).

agreement. The parties do not dispute that Texas law governs the agreement and the substantive issues related to this motion. To prove that summary judgment is appropriate on a breach of contract claim brought pursuant to Texas law, a plaintiff must demonstrate that there is no genuine issue of material fact regarding the following elements: (1) a valid and enforceable contract exists; (2) the plaintiff performed or tendered performance; (3) the defendant materially breached the contract; and (4) the plaintiff sustained damages due to the defendant's breach.[16]

The unrebutted summary judgment evidence establishes that the indemnity agreement is a valid and enforceable contract. Developers submitted a copy of the indemnity agreement, which Defendants executed in favor of Developers on November 9, 2005.[17] The contract provides prima facie evidence that the agreement was the product of a valid offer and acceptance and is supported by sufficient consideration, specifically, Developers' agreement to issue the bond on behalf of Driftwood.[18] Defendants admit that they executed the indemnity agreement and do not deny the enforceability or validity of the agreement or plead any affirmative defenses or facts which would otherwise question the enforceability or validity of the agreement.[19] Accordingly, there is no reason to question the unrebutted summary judgment evidence that establishes that the indemnity agreement is a valid and enforceable contract.

The summary judgment evidence also establishes that Developers performed its contractual obligations. By the terms of the indemnity agreement, Defendants agreed to the indemnification

---

[16] *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

[17] Docket No. 17, Ex. 1 ¶ 6 & Ex. B.

[18] *Id.*

[19] *See* Docket No. 5 at 1.

provisions "[i]n consideration of the execution and delivery by [Developers]" of the bond on Driftwood's behalf.[20] Developers submitted a copy of the surety agreement which demonstrates that it did in fact issue the bond, thereby incurring obligations to Hays County on Driftwood's behalf.[21] Moreover, the indemnity agreement required Developers to notify Defendants of any claims made on the bond in the event of Driftwood's default and permitted Developers sole discretion to investigate and settle any such bond claims.[22] Developers submitted a letter dated February 12, 2007 in which Developers notified Defendants that Hays County made a claim for performance under the terms of the bond.[23] Developers also tendered a copy of the settlement agreement with Hays County which indicates that it negotiated to pay the penal sum of $689,078.35 in satisfaction of the bond claim,[24] and a wire transfer receipt which indicates that it paid the settlement amount.[25]

In turn, the indemnity agreement required Defendants to reimburse Developers for any "[l]iability incurred or amounts paid in satisfaction or settlement of all claims, demands, damages, costs, losses, suits or proceedings or judgments related to [Driftwood's] nonperformance of an Obligation or any other matter covered by the Bond."[26] Defendants admit in their Answer that they did not indemnify Developers.[27] Developers' representative testified that Defendants had not

---

[20]Docket No. 17, Ex. B.

[21]*Id.* Ex. 1 ¶¶ 4, 5 & Ex. A.

[22]*Id.* Ex. B.

[23]*Id.* Ex. D.

[24]Pl.'s Reply (Docket No. 21), Ex. B.

[25]Docket No. 17, Ex. E.

[26]*Id.* Ex. B.

[27]Docket No. 5 at 1.

indemnified Developers as of September 23, 2008.[28] Defendants do not dispute this or submit any evidence to the contrary. Therefore, the unrebutted summary judgment evidence demonstrates that Defendants materially breached the indemnity agreement by failing to indemnify Developers.

Finally, the unrebutted summary judgment evidence shows that Developers suffered damages as a result of Defendants' breach. Developers paid the $689,078.35 settlement payment which represented the penal sum of the bond. Developers' representative testified that Developers has recovered salvage proceeds totaling $54,908.95.[29] Therefore, the uncontroverted evidence shows that Developers' unreimbursed loss on the bond claim totals $634,169.40.

Defendants merely oppose summary judgment on two irrelevant grounds. Defendants point out that the wire transfer Developers submitted that evidences Developers' settlement payment shows that Developers deposited the $698,078 payment into an IOLTA account maintained by the attorneys for the lender who foreclosed on the Property and not the attorneys for Hays County. By the terms of Developers' settlement agreement with Hays County, however, Developers was required to pay the money owed on the bond claim directly to the lender.[30] Nevertheless, the payment was made in consideration for the settlement of Hays County's bond claim.[31] Defendants therefore fail to demonstrate how this nuance is material to the breach of contract action.

Additionally, Defendants complain — without any legal or evidentiary support — that "there is no verification that these funds were ever paid in an appropriate manner or for reasonable and

---

[28]Docket No. 17, Ex. 1 ¶ 6.

[29]*Id.* Ex. 1 ¶ 7.

[30]Docket No. 21, Ex. A ¶¶ 5,6 & Ex. B.

[31]*Id.*

necessary expenses related to the completion of the project that Plaintiffs [sic] guaranteed."[32] This argument is irrelevant and unsupported. Defendants do not explain how Developers' manner of payment was inadequate.[33] Moreover, Developers had no obligation under the indemnity agreement or surety agreement to show that the bond claims were paid for "reasonable and necessary expenses related to the completion of the project." Rather, Defendants agreed in the indemnity agreement to provide Developers with "the right in its sole and absolute discretion to determine whether any claims under a Bond shall be paid, compromised, defended, prosecuted or appealed," and Defendants agreed to indemnify Developers for any liability incurred in satisfaction of any such claims.[34] Thus, Defendants' arguments fail to raise any genuine issues of material fact.

### IV. Damages

In addition to the $634,169.40 loss Developers has incurred related to the bond claim, Developers seeks an award of attorneys' fees which it claims to have incurred in enforcing its rights under the indemnity agreement and in prosecuting this action. Developers' representative testifies that as of September 23, 2008, Developers had incurred $59,676.06 in attorneys' fees.[35] The express terms of the indemnity agreement require Defendants to reimburse Developers for attorneys' fees incurred in connection with claims relating to a bond, expenses paid in procuring a release of liability under a bond, and expenses incurred in connection with enforcing the indemnity agreement against

---

[32] Defs.' Resp. to Pl.'s Mtn. for Summ. J. (Docket No. 19) at 2.

[33] Even so, the settlement agreement shows that Hays County approved the manner in which the bond's penal sum was paid. *See* Docket No. 21, Ex. B.

[34] Docket No. 17, Ex. B ¶¶ 1.2, 2.1.

[35] *Id.* Ex. 1 ¶ 7.

Defendants.[36]

Before awarding damages, however, the Court will afford Defendants an opportunity to rebut Developers' evidence regarding the amount of attorneys' fees. Defendants must do so in writing on or before November 14, 2008.

The parties shall appear for an evidentiary hearing regarding the amount of damages on Tuesday, November 25, 2008 at 9:30 a.m. The hearing will take place in Courtroom 3, First Floor of the John H. Wood, Jr. United States Courthouse, 655 E. Durango Boulevard, San Antonio, TX 78206.

**Conclusion**

The Court finds that no material fact issue exists with respect to Developers' entitlement to recover for Defendants' breach of the indemnity agreement. Accordingly, Plaintiff's motion for summary judgment (Docket No. 15) is GRANTED. All current deadlines and settings are VACATED. The parties shall appear for an evidentiary hearing regarding the amount of damages on **Tuesday, November 25, 2008 at 9:30 a.m.**

It is so ORDERED.

SIGNED this 5th day of November, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[36]*Id.* Ex. B ¶¶ 1, 1.3, 1.4, 1.5, 1.6.